UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DePOWER, INC., an Idaho corporation,<br><br>Plaintiff,<br><br>v.<br><br>BRAD JESKE, an individual; and JESKE INSPECTIONS AND REPAIR, INC., a Washington corporation,<br><br>Defendants. | Case No. 2:25-cv-00350-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Plaintiff DePower, Inc.'s Motion for Default Judgment (Dkt. 11). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motion on the record. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court grants the motion.

**BACKGROUND**

Plaintiff filed its Complaint on July 3, 2025 (Dkt. 1), and its Amended Complaint on July 15 (Dkt. 4). Plaintiff served the Amended Complaint on Defendants Brad Jeske and Jeske Inspections and Repair, Inc. (Dkt. 7; Dkt. 8). Defendants did not appear, answer, or otherwise defend this action. Plaintiff moved for entry of default (Dkt. 9), and the Clerk entered default under Rule 55 of the Federal Rules of Civil Procedure on September 2, 2025 (Dkt. 10). Plaintiff then moved for default judgment (Dkt. 11).

**MEMORANDUM DECISION AND ORDER - 1**

Upon initial review, the Court concluded Plaintiff had not provided competent evidence to substantiate the amount of damages requested. Accordingly, the Court ordered Plaintiff to show cause and supplement its proof of damages (Dkt. 13). Plaintiff timely responded and submitted additional evidentiary support (Dkt. 14; Dkt. 14-1; Dkt. 14-2).

The Amended Complaint alleges that, after Plaintiff's business relationship with Defendants ended in April 2023, Defendants made unauthorized charges to Plaintiff's credit card from June 21, 2023, through May 14, 2024, totaling $78,344.10 (Dkt. 4 at ¶¶ 11-12, 17). Plaintiff asserts claims under the Idaho Consumer Protection Act, unjust enrichment, and conversion (Dkt. 4 at ¶¶ 18-36).

## LEGAL STANDARD

Whether to enter a default judgment is within the court's discretion. *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986). As a part of this discretion, a court looks to several factors outlined in *Eitel v. McCool* (hereinafter "Eitel factors"), including: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim and the sufficiency of the complaint; (3) the sum of money at stake; (4) the possibility of a dispute concerning material facts; (5) whether the default was due to excusable neglect; and (6) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted).

A court considering a motion for default judgment accepts all factual allegations in the complaint as true, except those relating to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citation omitted). A court may conduct a hearing before entering a default judgment but is not required to do so if the record reveals no issue of material fact. *Kashin v. Kent*, 457 F.3d 1033, 1043 (9th Cir. 2006).

MEMORANDUM DECISION AND ORDER - 2

ANALYSIS

A.  **Jurisdiction**

Plaintiff alleges this Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff is an Idaho corporation and Defendants are Washington residents and a Washington corporation, and the amount in controversy exceeds $75,000.00 (Dkt. 4 at ¶¶ 1-3, 6). The Court is satisfied, based on the pleadings and the record, that it has subject-matter jurisdiction (*id.*). The Court is also satisfied it has personal jurisdiction over Defendants (Dkt. 4 at ¶¶ 4, 7; Dkt. 7; Dkt. 8).

B.  *Eitel* **Factors**

Having confirmed its jurisdiction, the Court considers the *Eitel* factors. For the reasons below, each factor supports entry of default judgment.

   1.  **Possibility of Prejudice to Plaintiff**

Without a default judgment, Plaintiff has no other practical means of obtaining relief because Defendants have failed to appear or defend (Dkt. 10). This factor weighs in favor of default judgment.

   2.  **Merits of Plaintiff's Substantive Claims and Sufficiency of the Amended Complaint**

Plaintiff's Amended Complaint pleads claims under the Idaho Consumer Protection Act, unjust enrichment, and conversion based on Defendants' alleged unauthorized credit-card charges (Dkt. 4 at ¶¶ 18-36). On default, the Court accepts Plaintiff's well-pleaded factual allegations as true, except those relating to damages. Based on Plaintiff's allegations, the Court concludes Plaintiff has stated plausible claims for relief. This factor weighs in favor of default judgment.

   3.  **Sum of Money at Stake in the Action**

Plaintiff seeks a total award of $102,905.52, consisting of $78,344.10 in principal, $15,582.96 in prejudgment interest, $8,134.50 in attorney fees, and $843.96 in costs. (Dkt. 14 at

¶ 13). The requested recovery is proportional to the harm alleged—unauthorized charges totaling $78,344.10—together with statutory interest and litigation expenses (Dkt. 4 at ¶¶ 12, 17; Dkt. 14 at ¶ 13). This factor weighs in favor of default judgment.

### 4. Possibility of a Dispute Concerning Material Facts

Defendants have not appeared to dispute Plaintiff's allegations (Dkt. 10). Further, as discussed below, Plaintiff's supplemental evidentiary submissions provide competent proof of the damages requested (Dkt. 14; Dkt. 14-1; Dkt. 14-2). This factor weighs in favor of default judgment.

### 5. Whether Default Was Due to Excusable Neglect

The record reflects Defendants were served and then failed to respond (Dkt. 7; Dkt. 8; Dkt. 10). There is no indication Defendants' default resulted from excusable neglect. This factor weighs in favor of default judgment.

### 6. Policy Favoring Decisions on the Merits

The Federal Rules of Civil Procedure favor decisions on the merits. *Eitel*, 782 F.2d at 1472. Defendants' failure to appear or defend, however, makes a decision on the merits impracticable (Dkt. 10). This factor does not preclude default judgment and, on balance, supports entry of judgment.

### C. Damages

Although well-pleaded allegations are deemed admitted by virtue of default, damages are not. Plaintiff must prove its damages with competent evidence. In its initial motion, Plaintiff sought $78,344.10 in damages based on a summary spreadsheet (Dkt. 13 at 2). The Court ordered Plaintiff to show cause why the motion should not be denied for failure to provide competent evidence of damages (Dkt. 13). Plaintiff responded with a declaration from its owner and president, Greg Stoddard, and supporting exhibits, including a Chase credit-card transaction statement identifying

MEMORANDUM DECISION AND ORDER - 4

the challenged transactions (Dkt. 14; Dkt. 14-1; Dkt. 14-2). The Court is satisfied this supplemented record provides competent proof of damages.

**D.      Principal**

Stoddard attests that from June 21, 2023, to May 14, 2024, Defendants wrongfully billed $78,344.10 to Plaintiff's credit card ending in 4277 (Dkt. 14 at ¶ 5). He further attests that the transactions marked with an asterisk on the Chase statement represent unauthorized charges for services not performed and that the total of those unauthorized charges equals $78,344.10 (Dkt. 14 at ¶¶ 7, 11; Dkt. 14-1). The Court finds this evidence is sufficient and awards $78,344.10 in principal damages.

**E.      Prejudgment Interest**

Plaintiff seeks prejudgment interest under Idaho Code § 28-22-104 (Dkt. 14 at ¶ 13(b)). Stoddard calculates prejudgment interest at the 12 percent statutory rate from May 14, 2024, to January 9, 2026, in the amount of $15,582.96 (Dkt. 14 at ¶ 13(b), n.1). The Court awards prejudgment interest in the amount of $15,582.96.

**F.      Attorney Fees and Costs**

Plaintiff requests attorney fees and costs and cites statutory and equitable bases for such an award, including I.C. § 48-608(5) (Dkt. 4 at ¶ 23). This total is broken down into $8,134.50 for 27.90 hours of professional services and $843.96 in additional costs, which include legal research, filing fees, postage, and process server fees (Dkt. 11-1 at ¶ 3; Dkt. 14 at ¶ 13(c)-(f)). The attached billing summary shows that the professional services were performed by Richard T. Wetmore at a rate of $500.00 per hour, Olivia M. Johnston at a rate of $265.00 per hour, and an individual identified as "SW" billing at $200.00 per hour. Having reviewed the submitted billing summary

and cost items, the Court finds the requested attorney fees and costs are reasonable and awards $8,134.50 in attorney fees and $843.96 in costs.

G.   **Total Award and Rule 54(c)**

Plaintiff's total requested award is $102,905.52 (Dkt. 14 at ¶ 13). This award does not differ in kind from, and does not exceed in amount, what Plaintiff demanded in the Amended Complaint, which sought at least $78,344.10 plus prejudgment and post-judgment interest, attorney fees, and costs (Dkt. 4 at 6-7).

H.   **Post-judgment Interest**

Plaintiff also seeks post-judgment interest (Dkt. 4 at 7). Post-judgment interest shall accrue as provided by 28 U.S.C. § 1961.

## ORDER

IT IS ORDERED that Plaintiff's Motion for Default Judgment (Dkt. 11) is **GRANTED**.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment in favor of Plaintiff DePower, Inc. and against Defendants Brad Jeske (a marital community with Jenne Jeske) and Jeske Inspections and Repair, Inc., in the amount of $102,905.52, consisting of: (a) $78,344.10 in principal damages; (b) $15,582.96 in prejudgment interest; (c) $8,134.50 in attorney fees; and (d) $843.96 in costs.

IT IS FURTHER ORDERED that post-judgment interest shall accrue as provided by law.

DATED: March 04, 2026

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge